# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ~~18-0976~~
1884-CV-00921

ARIAN DINAPOLI d/b/a
ARI FAMILY DENTAL, PLAINTIFF(S),

v.

YELP, INC., DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO **YELP, INC.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Suffolk Superior** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original response** with the Clerk's Office for Civil Business, **Suffolk Superior** Court, **3 Pemberton Square, Boston, MA 02108** (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **500 Commercial Street, Suite 4R, Boston, MA 02109**.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __3/22__, 20_18_.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on __3rd April__, 20_18_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

__in hand service by constable__

Dated: __3rd April__, 20_18_      Signature: _____

Constable Ready Do
#1513

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

__April 3rd 2018__

**COHEN LAW GROUP**
500 COMMERCIAL STREET, SUITE 4R
BOSTON, MA 02109

TELEPHONE: 617.523.4552                                                FACSIMILE: 617.723.9211

HERBERT COHEN                                                          DAZE SWIFT LEE *(OF COUNSEL)*
JEB PENKA                                                              MANSOOR AHMED *(OF COUNSEL)*
DAVID C. FARRELL

---

March 22, 2018

*Attn: Michael Joseph Donovan*
Clerk for Civil Business
Suffolk Superior Court                                                 *via In-Hand Delivery*
3 Pemberton Square, 12th Floor
Boston, MA 02108

Re    *Arian DiNapoli d/b/a Ari Family Dental v. Yelp, Inc.*
      Suffolk Superior Court
      C.A. No.: Pending

Dear Sir/Madam,

      With reference to the above-captioned matter, please find the following documents enclosed herein:

1. Civil Action Cover Sheet;
2. Complaint and Demand for Jury Trial;
3. A check made payable to the Commonwealth of Massachusetts in the amount of **$280.00** representing (i) the **filing fee** required for commencement of this civil action in Suffolk Superior Court, (ii) the **security fee** pursuant to M.G.L. c. 262 § 4A, (iii) the surcharge pursuant to M.G.L. c. 262 § 4C, and (iv) the fee for issuance of an official **summons** to be served upon the defendant.

      Kindly file and record the same in your usual manner. Thank you for your assistance with this matter.

Very truly yours,

*David C. Farrell*
David C. Farrell

Encs.

[Stamp: RECEIVED MAR 22 2018 SUPERIOR COURT MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE]

[Stamp: COPY]

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** ARIAN DINAPOLI d/b/a ARI FAMILY DENTAL | | **COUNTY** |
| **ADDRESS:** 80 Broad Street, Unit 607 | | |
| Boston, MA 02110 | **DEFENDANT(S):** YELP, INC. | |
| **ATTORNEY:** David C. Farrell | | |
| **ADDRESS:** 500 Commercial Street, Suite 4R | **ADDRESS:** 140 New Montgomery Street, 9th Floor | RECEIVED MAR 22 2018 |
| Boston, MA 02109 | San Francisco, CA 94105 | SUPERIOR COURT-CIVIL |
| | Registered Agent in Massachusetts: National Registered Agents Inc. | MICHAEL JOSEPH DONOVAN |
| **BBO:** 693022 | 303 Congress Street, 2nd Floor, Boston, MA 02110 | CLERK/MAGISTRATE |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Litigation | F | ☒ YES   ☐ NO |

*If "Other" please describe: Unfair and Deceptive Business Practices in violation of MGL c. 93A sections 2, 11

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................................................................................. $ _____
   2. Total doctor expenses ..................................................................................................................... $ _____
   3. Total chiropractic expenses ............................................................................................................. $ _____
   4. Total physical therapy expenses ..................................................................................................... $ _____
   5. Total other expenses (describe below) ............................................................................................ $ _____
                                                                                                                       Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................................................... $ _____
C. Documented property damages to dated .............................................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............................................................. $ _____
E. Reasonably anticipated lost wages ......................................................................................................... $ _____
F. Other documented items of damages (describe below) ......................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                                                       TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
lost profits, lost clientele, lost future earning capacity, irreparable harm to personal and professional reputation,     **TOTAL:** $ 373,687.00

loss of esteem at his place of business and throughout the dental industry, undue embarrassment and mental anguish.

Signature of Attorney/Pro Se Plaintiff: X David C. Farrell                                  Date: 03/22/2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X David C. Farrell                                         Date: 03/22/2018

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.                                          SUPERIOR COURT DEPT.
                                                      C.A. NO.:

ARIAN DINAPOLI d/b/a          )
ARI FAMILY DENTAL,            )
    Plaintiff,                )
                              )
v.                            )
                              )
YELP, INC.,                   )
    Defendant.                )



RECEIVED
MAR 2 2 2018
SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

### COMPLAINT & JURY DEMAND

Now Comes the Plaintiff, Dr. Arian DiNapoli d/b/a Ari Family Denal ("DiNapoli"), through undersigned counsel, and hereby submits the following claims against the Defendant, YELP, INC. ("Yelp"), for unfair and deceptive business practices in violation of M.G.L. c. 93A §§ 2, 11.

### PARTIES

1. Plaintiff, Dr. Arian DiNapoli, is a Massachusetts resident doing business as Ari Family Dental, a community based dental practice located in West Roxbury, Massachusetts.

2. Defendant, Yelp, Inc., is a California Corporation conducting business in Massachusetts.

3. National "Registeed" Agents, Inc., 303 Congress Street, 2nd Floor, Boston, Massachusetts, is the defendant's registered agent for service of process in Massachusetts.

### BACKGROUND

4. Yelp is a web-based business holding Itself out as a neutral, third-party intermediary providing internet-based forums where individuals can share experiences and opinions on almost any business or professional service.

1

5. Yelp asks business owners to "verify" their businesses, which benefits the defendant by lending credibility to Its forum-based business model.

6. Specifically, Yelp depends on said business owners' "verifications" to develop Its desired image as an honest and neutral web-based forum endorsed by the very businesses Its users review.

7. On or about September 15, 2015, DiNapoli provided emergency treatment to an uninsured individual named Joanne Sawyer ("Sawyer") for an array of serious dental problems.

8. DiNapoli generously provided his services at a heavily discounted rate because it was clear to him that Sawyer was financially destitute.

9. On or about January 29, 2016, Sawyer called DiNapoli and requested a falsified tax receipt reflecting the pre-discounted rate.

10. DiNapoli refused to create said falsified receipt.

11. Upon DiNapoli's refusal, Sawyer became angry and hostile.

12. On January 29, 2016, Sawyer posted a scathing review of DiNapoli on Yelp's website (the "Review") containing false accusations clearly designed to harm DiNapoli's business and ruin his reputation within the community.

13. In fact, Sawyer's allegations in that Review are so outrageous that Yelp categorized the Review as "Unreliable" and "Not Recommended."

## FACTS

14. Dr. DiNapoli's Yelp page includes Nineteen (19) five-star reviews and only one (1) 1-star review (posted by Sawyer as detailed above).

15. On March 9, 2016, without obtaining prior permission, Yelp contacted Ari Family Dental attempting to sell DiNapoli advertising space on Its website.

16. DiNapoli politely declined to purchase advertising space on Yelp's website.

17. On October 5, 2016, Yelp again tried to sell advertising to Ari Family Dental when a Yelp account executive named Samantha Barbero ("Barbero") contacted DiNapoli via email to request a "20-minute chat."

18. Barbero framed her solicitation in terms of the significant influence Yelp has on DiNapoli's dental practice.

19. Again, DiNapoli politely declined to purchase advertising from the defendant.

20. On January 19, 2017, the defendant tried again to sell DiNapoli advertising space when a Yelp account executive named Annette Cohen ("Cohen") cold-called DiNapoli's dental office asking that he spend 30 minutes on the phone to "go over Yelp ads."

21. DiNapoli politely declined Cohen's unwelcome solicitation.

22. On January 26, 2017, Yelp made yet another unwelcomed attempt to sell advertising to DiNapoli.

23. DiNapoli again declined to purchase advertising space on Yelp's website.

24. Yelp then suddenly re-characterized Sawyer's one-star review of DiNapoli's dental practice from "Unreliable" and "Not Recommended" to "Reliable" and "Recommended," and promoted said Review to the #3-ranked "Reliable" and "Recommended" review of Ari Family Dental.

25. In doing so, Yelp displaced DiNapoli's more recent and verifiable five-star reviews – replacing them with his sole negative review (which is 38 months old as of the date of filing of this Complaint).

26. Additionally, Yelp arbitrarily mischaracterized and continues to mischaracterize at least five (5) five-star reviews of Ari Family Dental as "Unreliable" and "Not Recommended."

36. Yelp's unfair and deceptive business practices caused and continue to cause DiNapoli's dental practice substantial damage including but not limited to lost profits, loss of clientele, loss of future earning capacity, irreparable harm to his reputation and esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

## COUNT II: NEGLIGENT MODE OF OPERATION

37. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-36.

38. Yelp's chosen mode of operation creates a substantial and foreseeable risk of harm to its customers, including Dr. DiNapoli.

39. Consequently, Yelp has a duty to take reasonable precautions to minimize the substantial and foreseeable risk of harm created by Its chosen mode of operation.

40. Yelp breached its heightened duty of care by failing to take reasonable steps to minimize the harm caused to DiNapoli and his business.

41. Yelp's breach caused and continues to cause great harm to DiNapoli including but not limited to lost profits, lost clientele, lost future earning capacity, irreparable harm to personal and professional reputation, loss of esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

WHEREFORE, the plaintiff Arian DiNapoli d/b/a Ari Family Dental respectfully requests the Court grant him the following legal and equitable relief:

I(A). Order the complete and permanent removal of Sawyers' false and libelous review from Yelp's website; or

I(B). Order a complete overhaul of DiNapoli's Yelp page to accurately reflect authentic patient reviews in a chronological or otherwise objectively fair manner; or

5

27. Moreover, Yelp then sold advertising space to nearby dental practices which Yelp knew to be in direct competition with Ari Family Dental, including dentists in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

28. Most egregious of all, Yelp purposefully continues to display said advertisements (purchased by DiNapoli's competitors) on DiNapoli's Yelp page **immediately adjacent to** DiNapoli's user reviews – which arbitrarily include the sole negative Review as the #3 ranked review of Ari Family Dental.

## COUNT I: UNFAIR AND DECEPTIVE BUSINESS PRACTICES
### M.G.L. c. 93A §§ 2, 11

29. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-28.

30. Yelp initially characterized Sawyer's negative review as "Unreliable" and "Not Recommended."

31. After DiNapoli declined Yelp's repeated and harassing attempts to sell him advertising space, Yelp had a sudden and dramatic change of heart – moving the Review to #3 on the "Reliable" and "Recommended" reviews list.

32. By moving the negative Review to the #3 ranking slot, Yelp displaced more recent and verifiable five-star reviews.

33. Yelp also mischaracterized and continues to mischaracterize at least five (5) five-star reviews as "Unreliable" and "Not Recommended."

34. Yelp then sold the advertising space on DiNapoli's page to his direct competitors within the community including dental practices in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

35. Yelp's actions as detailed above are, by design, extortionary.

I(C).   Order the complete and permanent removal of DiNapoli's Yelp page altogether; plus

II.   Monetary damages of not less than Three Hundred Seventy-Three Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($373,687.50);

III.   Treble Damages including attorneys' fees and costs pursuant to M.G.L. c. 93A §§ 2, 11; and

IV.   Such further relief as principles of justice and equity require.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS FOR DAMAGES TO THE EXTENT PERMITTED BY LAW**

Respectfully Submitted,
PLAINTIFF ARIAN DINAPOLI,
By his attorneys,
THE COHEN LAW GROUP
500 Commercial Street, Suite 4R
Boston, MA  02109
Tel: (617) 523-4552
E-mail: dave@cohenlawgroupboston.com

Dated: 03/22/2018

David C. Farrell, BBO# 693022