UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIAN DINAPOLI d/b/a<br>ARI FAMILY DENTAL,<br>    Plaintiff,<br><br>v.<br><br>YELP, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. 1:18-cv-10776<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT & JURY DEMAND**

Now Comes the Plaintiff, Dr. Arian DiNapoli d/b/a Ari Family Dental, through undersigned counsel, to bring claims against the Defendant, YELP, INC., including but not limited to claims for unfair and deceptive business practices in violation of M.G.L. c. 93A §§ 2, 11.

PARTIES

1. Plaintiff, Dr. Arian DiNapoli ("DiNapoli"), is a Massachusetts resident doing business as Ari Family Dental, a community-based dental practice in West Roxbury, Massachusetts.

2. Defendant, Yelp, Inc., is a Delaware corporation with a principle place of business in San Francisco, California, which conducts substantial business in Massachusetts.

JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332.

BACKGROUND

4. Yelp is a web-based business holding itself out as a neutral, third-party intermediary platform offering online forums where individuals can share experiences and opinions on almost any business or professional service.

1

5. Yelp asks business owners to "verify" their businesses because it lends credibility to Yelp's forum-based business model.

6. Specifically, Yelp depends on said "verifications" to maintain its desired image as an honest and neutral web-based forum endorsed by the very businesses its users review.

7. DiNapoli first learned of defendant Yelp sometime in 2014 when a representative notified him that Ari Family Dental had received a "Five-Star" review on defendant's web-based forum.

8. DiNapoli was not interested in Yelp's services.

9. On or about September 15, 2015, DiNapoli performed emergency dental surgery at a heavily discounted rate because it was clear to him that the individual was suffering from an array of serious dental health problems and was financially destitute.

10. On or about January 29, 2016, that individual called DiNapoli and requested a falsified tax receipt reflecting the pre-discounted rate.

11. When DiNapoli refused to create said falsified receipt, that individual posted a false but nevertheless scathing review of Ari Family Dental on Yelp's website (the "Review"), clearly designed to damage DiNapoli's dental practice.

12. The Review was so outrageous that even the defendant, Yelp, Inc., categorized the Review as "Unreliable" and "Not Recommended."

FACTS

13. DiNapoli's Yelp page includes at least Nineteen (19) five-star reviews and only one (1) one-star review.

14. On March 9, 2016, without prior permission, Yelp contacted Ari Family Dental attempting to sell DiNapoli advertising space on its website.

15. DiNapoli declined to purchase advertising space on Yelp's website.

16. On October 5, 2016, defendant tried a second time to sell advertising to plaintiff when a Yelp account executive named Samantha Barbero ("Barbero") contacted DiNapoli via email to request a "20-minute chat" about the influence Yelp had on DiNapoli's business at that time.

17. Again, DiNapoli declined to purchase advertising from the defendant.

18. On January 19, 2017, the defendant tried a third time to sell DiNapoli advertising space when a Yelp account executive named Annette Cohen ("Cohen") cold-called DiNapoli's office to ask that he spend 30 minutes on the phone to "go over Yelp ads."

19. DiNapoli declined Cohen's solicitation as well.

20. On January 26, 2017, Yelp made yet another unwelcomed attempt to sell advertising to DiNapoli.

21. DiNapoli again declined to purchase advertising space on Yelp's website.

22. Yelp then suddenly re-characterized Ari Family Dental's sole one-star review from "Unreliable" and "Not Recommended" to "Reliable" and "Recommended," and promoted the Review to the overall #3-ranked "Reliable" and "Recommended" review of Ari Family Dental – where it remains to this day (the "Portrayal").

23. In doing so, Yelp displaced DiNapoli's more recent and verifiable five-star reviews – replacing them with his sole negative review (which is 39 months old as of the date of filing of this Complaint).

24. Additionally, Yelp mischaracterized and willfully continues to mischaracterize at least five (5) five-star reviews of Ari Family Dental as "Unreliable" and "Not Recommended."

25. When DiNapoli realized what Yelp had done, he immediately attempted to contact the defendant to mitigate his damages.

26. However, Yelp refused to provide DiNapoli with any contact information unless and until DiNapoli "verified" his business – which he did *solely* to contest Yelp's unreasonable and inaccurate Portrayal of reviews of Ari Family Dental.

27. Plaintiff provided defendant with direct evidence of the falsity of plaintiff's sole one-star review and direct evidence of the veracity of numerous, more recent five-star reviews, but defendant refused to amend the Portrayal.

28. Yelp instead sold the advertising space to nearby dental practices which Yelp knew to be in direct competition with Ari Family Dental, including dentists in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

29. Most egregious of all, Yelp purposefully continues to display said advertisements (purchased by DiNapoli's competitors) on DiNapoli's Yelp page **immediately adjacent to** the sole negative, albeit #3-ranked, review of Ari Family Dental.

COUNT I: UNFAIR AND DECEPTIVE BUSINESS PRACTICES
[M.G.L. c. 93A §§ 2, 11]

30. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-29.

31. On January 29, 2016, Yelp characterized the sole negative review of Ari Family Dental as "Unreliable" and "Not Recommended."

32. But in January of 2017, after DiNapoli declined Yelp's repeated harassing attempts to sell him advertising space, Yelp had a sudden and dramatic change of heart – moving the sole negative Review to #3 on the "Reliable" and "Recommended" reviews list.

33. By moving the Review to the #3 ranked review, Yelp displaced more recent and verified five-star reviews.

34. Yelp also mischaracterized and continues to mischaracterize at least five (5) five-star reviews as "Unreliable" and "Not Recommended."

35. Yelp then sold the advertising space on DiNapoli's page to his direct competitors within the community including dental practices in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

36. Yelp's actions as detailed above are, by design, extortionary.

37. Yelp's unfair and deceptive business practices caused and continue to cause DiNapoli's dental practice substantial damage including but not limited to lost profits, loss of clientele, loss of future earning capacity, irreparable harm to his reputation and esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

## COUNT II: NEGLIGENT MODE OF OPERATION

38. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-37.

39. Yelp's chosen mode of operation creates a substantial and foreseeable risk of harm to its customers.

40. Consequently, Yelp has a duty to take reasonable precautions to minimize the increased foreseeable risk of harm created by its chosen mode of operation.

41. Yelp breached its heightened duty of care by failing to take reasonable steps to minimize the harm caused to DiNapoli and his business.

42. Yelp's breach caused and continues to cause great harm to DiNapoli including but not limited to lost profits, lost clientele, lost future earning capacity, irreparable harm to personal and professional reputation, loss of esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

## COUNT III: INTENTIONAL INTERFERENCE WITH BUSINESS AND/OR CONTRACTUAL RELATIONSHIPS

43. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-42.

44. Defendant harassed plaintiff for years – attempting to sell him advertising space on his "Yelp page."

45. After one last unsuccessful attempt to sell advertising space to plaintiff on January 26, 2017, defendant intentionally resurrected plaintiff's sole one-star review and improperly hoisted it to the #3-ranked review of plaintiff's business.

46. Defendant then sold the advertising space to plaintiff's competitors located in close geographic proximity to Ari Family Dental.

47. Defendant's deliberate actions, as detailed above, constitute intentional interference with DiNapoli's community-based family dental practice business – including but not limited to intentional interference with current and prospective clientele.

48. Yelp's intentional interference caused and continues to cause DiNapoli's dental practice substantial damage including but not limited to lost profits, loss of current and prospective clientele, loss of future earning capacity, irreparable harm to professional reputation and esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

WHEREFORE, the plaintiff Arian DiNapoli d/b/a Ari Family Dental respectfully requests the Court grant him the following legal and equitable relief:

I(A). Order a complete overhaul of DiNapoli's Yelp page to accurately reflect authentic patient reviews in a chronological or otherwise objectively fair manner; or

I(B). Order the complete and permanent removal of DiNapoli's Yelp page altogether; plus

II. Damages for (i) negligent operation of a web-based forum business and (ii) intentional interference with current and prospective business opportunities, in an amount of not less

than Three Hundred Seventy-Three Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($373,687.50);

III. Treble Damages including attorneys' fees and costs pursuant to M.G.L. c. 93A §§ 2, 11; and

IV. Such further relief as principles of justice and equity require.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS FOR DAMAGES TO THE EXTENT PERMITTED BY LAW**

Respectfully submitted,
Plaintiff Arian Dinapoli,
By his attorneys,

/s/ David C. Farrell
David C. Farrell; BBO# 693022
THE COHEN LAW GROUP
500 Commercial Street, Suite 4R
Boston, MA  02109
Tel: (617) 523-4552
Fax: (617) 723-9211
E-mail: dave@cohenlawgroupboston.com

CERTIFICATE OF SERVICE

I, David C. Farrell, counsel for the plaintiff, hereby certify that I served a copy of the foregoing amended Complaint upon Jeffrey J. Pyle, counsel for the defendant, via the CM/ECF system, this 30th day of April, 2018.

/s/ David C. Farrell