UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARIAN DINAPOLI d/b/a<br>ARI FAMILY DENTAL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YELP INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 18-cv-10776 |

**DEFENDANT YELP INC.'S SPECIAL MOTION TO STRIKE AND
MOTION TO DISMISS FIRST AMENDED COMPLAINT**
(Oral Argument Requested)

Defendant Yelp Inc. ("Yelp") brings this combined special motion to strike the amended complaint of plaintiff Arian DiNapoli ("DiNapoli") pursuant to the California anti-SLAPP law, Cal. Code Civ. Proc. § 425.16, and motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). DiNapoli, a dentist, has brought claims for damages and injunctive relief against Yelp, owner of the popular social networking and search website Yelp.com, based on an allegedly defamatory review of DiNapoli's services posted by a former patient. DiNapoli's lawsuit is subject to the California anti-SLAPP Law, Cal. Civ. Proc. Code, § 425.16, which requires a party who sues over the exercise of free speech on an issue of public interest to demonstrate a probability of success. Cal. Civ. Proc. Code § 425.16(b),(e). California law governs DiNapoli's claims because he expressly agreed to its application when he registered a Yelp account to manage the listing for his business, "Ari Family Dental." DiNapoli cannot demonstrate a probability of success, as required, because Section 230 of the Communications Decency Act provides immunity to sites like Yelp from suits based on posts by their third-party users. 47 U.S.C. § 230(c)(1).

Accordingly, Yelp's special motion to strike should be granted, and the amended complaint should be dismissed for failure to state a claim.

In support of its motion, Yelp submits the accompanying memorandum of law and affidavits of Vince Sollitto, Ian MacBean, and Jeffrey Pyle.

WHEREFORE, Yelp Inc. moves that the Court strike plaintiff's amended complaint pursuant to Cal. Code Civ. Proc. § 425.16, award attorneys' fees and costs to Yelp pursuant to Cal. Code Civ. Proc. § 425.16(c), and dismiss the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

YELP INC.

By its attorneys,

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO #647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel: (617) 456-8018

Aaron Schur, *Of Counsel*
aschur@yelp.com
Nicolette Martz, *Of Counsel*
nmartz@yelp.com
YELP INC.
140 New Montgomery St.
San Francisco, CA 94105
Tel.: (415) 908-3801

Dated: May 14, 2018

CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on May 14, 2018, I conferred with counsel for the Plaintiff by telephone in a good faith attempt to narrow or resolve the issues raised by this motion.

*/s/ Jeffrey J. Pyle*
Jeffrey J. Pyle

3

CERTIFICATE OF SERVICE

    I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

                                                  /s/ *Jeffrey J. Pyle*
                                                  Jeffrey J. Pyle