## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| ARIAN DINAPOLI d/b/a ) | |
| ARI FAMILY DENTAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-cv-10776 |
| ) | |
| YELP INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### AFFIDAVIT OF IAN MACBEAN

I, Ian MacBean, hereby depose and state as follows:

1.      I am Director of User Operations at Yelp Inc. ("Yelp"). I make this affidavit on personal knowledge in support of Yelp Inc.'s Special Motion to Strike and Motion to Dismiss. Where appropriate, I have relied on records prepared and maintained by Yelp in the normal course of its business.

2.      As part of my job responsibilities, I investigate Yelp user accounts for potential Terms of Service violations, and enforce those Terms of Service against user accounts and business accounts. This includes investigating user accounts through Yelp's own internal tools and third-party resources. I also supervise and train other Yelp User Operations employees on Yelp's internal administrative tools and procedures, including those tools and procedures related to enforcement of Yelp's Terms of Service.

3.      I have been employed at Yelp since January 2008. I obtained a Bachelor of Arts degree in sociology in 1999 from Connecticut College, and obtained a Master's Degree in business administration in 2007 from the Monterey Institute of International Studies.

4.      At least as early as January 1, 2007, Yelp featured a link to its "Terms of Service" at the footer of each page on the Yelp.com website.

5.      A true and correct copy of Yelp's current Terms of Service is attached as Exhibit A.  These Terms of Service have been in force since November 27, 2012, and are publicly available on Yelp's website at http://www.yelp.com/static?p=tos. I accessed these Terms of Service on April 27, 2018.

6.      The Terms of Service agreement provides that California law shall apply to any dispute between a user of Yelp.com and Yelp, and it substantially limits Yelp's liability to users. Among other things, the Terms of Service agreement states in relevant part:

    a.      "We are under no obligation to enforce the Terms on your behalf against another user.  While we encourage you to let us know if you believe another user has violated the Terms, we reserve the right to investigate and take appropriate action at our sole discretion."  (¶ 6)

    b.      "YOUR SOLE AND EXCLUSIVE RIGHT AND REMEDY IN CASE OF DISSATISFACTION WITH THE SITE, RELATED SERVICES, OR ANY OTHER GRIEVANCE SHALL BE YOUR TERMINATION AND DISCONTINUATION OF ACCESS TO, OR USE OF THE SITE." (¶ 12.D.)

    c.      "THE YELP ENTITIES DISCLAIM LIABILITY FOR ANY (i) INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE, EXEMPLARY, RELIANCE, OR CONSEQUENTIAL DAMAGES, (ii) LOSS OF PROFITS, (iii) BUSINESS INTERRUPTION, (iv) REPUTATIONAL HARM, OR (v) LOSS OF INFORMATION OR DATA." (¶ 12.F.)

    d.      "California law will govern these Terms, as well as any claim, cause of action or dispute that might arise between you and Yelp (a 'Claim'), without regard to conflict of law provisions. FOR ANY CLAIM BROUGHT BY EITHER PARTY, YOU AGREE TO SUBMIT AND CONSENT TO THE PERSONAL AND EXCLUSIVE JURISDICTION IN, AND THE EXCLUSIVE VENUE OF, THE STATE AND FEDERAL COURTS LOCATED WITHIN SAN FRANCISCO COUNTY, CALIFORNIA." (¶ 13, under bold, all caps heading of "CHOICE OF LAW AND VENUE")

    e.      "The [terms and conditions in these Terms of Service] contain the entire agreement between you and us regarding the use of the Site, and supersede any prior agreement between you and us on such subject matter.  The parties

2

acknowledge that no reliance is placed on any representation made but not expressly contained in these Terms." (¶ 15.D.)

7.      I have reviewed Yelp's administrative records relating to Ari Family Dental in West Roxbury, Massachusetts. The Yelp page for that business is publicly available on Yelp's website at https://www.yelp.com/biz/ari-family-dental-west-roxbury. A true and correct copy of this profile page as it currently appears is attached as Exhibit B.  I accessed this page on April 27, 2018.  As can be seen from Exhibit B, as of April 27, 2018, Ari Family Dental has an aggregate rating on Yelp of 4.5 out of 5.0 stars, and that aggregate rating is based on 12 recommended reviews. The content of the recommended reviews that Yelp used to calculate this aggregate rating is also displayed in Exhibit B. Also contained in Exhibit B is a link at the bottom of the Ari Family Dental Yelp business page to eight other reviews that are not currently recommended. This page contains text and a video explaining Yelp's recommendation software, which it uses to decide which reviews to recommend for businesses listed on Yelp.

8.      Attached as Exhibit C is a true and correct copy of the page containing the eight non-recommended reviews of Ari Family Dental.  This page is publicly available on Yelp's website at https://www.yelp.com/not_recommended_reviews/ari-family-dental-west-roxbury.

9.      According to Yelp's administrative records, a representative of Ari Family Dental, identifying himself as the Owner, Arian DiNapoli, and using the email address frontdesk@arifamilydental.com, registered for a Yelp business account for Ari Family Dental on February 5, 2016. A screenshot of Yelp's administrative records showing information about the business account of Ari Family Dental, and the date that Mr. DiNapoli claimed this Yelp business account, is attached as Exhibit D (certain internal Yelp information has been redacted). As shown in Exhibit B, Arian DiNapoli has used this business account to add information about Ari Family Dental on Yelp—such as the statement under the heading "From this business" that

3

reads "We provide high quality and personal dental treatments for the entire family." As shown in Exhibits B and C, Mr. DiNapoli has also used this business account to respond to reviews (including the review of Yelp user Joanne S.). These features would not be available to Mr. DiNapoli unless he registered for a free business account, as described below.

10.     To create a business account and claim a business's page on Yelp's website, as Mr. DiNapoli did, a user goes to biz.yelp.com to complete an online registration form and electronically submit the form to Yelp. A true and correct screenshot showing what this looks like to the claiming individual is attached as Exhibit E. The online registration process for a user to claim a business listing states: "By clicking the button below, you represent that you have authority to claim this account on behalf of this business, and agree to Yelp's Terms of Service and Privacy Policy." The words "button below" refers to a red button underneath the text that takes the user to the next step in the registration process, which is also depicted in Exhibit E. In order to claim his business listing, Mr. DiNapoli would have had to click on the button manifesting his agreement to the Terms of Service.

11.     This language set forth above was in effect at the time Mr. DiNapoli claimed the business listing in February 2016, using the screen name "Arian DiNapoli" and the email address frontdesk@arifamilydental.com. As part of the business account claiming process depicted in Exhibit E, the "Terms of Service" text was in blue font and was hyperlinked such that if Mr. DiNapoli had clicked on the text, he would have been taken to the Yelp Terms of Service Agreement. Business users also must agree to the Terms of Service and Privacy Policy each time they log into their business accounts on Yelp. As reflected in Exhibit D, Mr. DiNapoli last logged into his Yelp business account approximately two months ago.

12.     In order to complete claiming of this business page, Mr. DiNapoli would have had to either enter a single use passcode on Yelp's website that Yelp would have provided to him through a phone call to the phone number listed on the Yelp business page for Ari Family Dental, or respond to an email sent to the business's email address: frontdesk@arifamilydental.com.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco, California on this 10th day of May, 2018.

Ian MacBean

CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle