UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARIAN DINAPOLI d/b/a | ) | |
| ARI FAMILY DENTAL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. 1:18-cv-10776 |
| | ) | |
| YELP, INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM SUPPORTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS AND FURTHER SUPPORTING PLAINTIFF'S CROSS-MOTION TO STRIKE

The Court should deny Defendant's Motion to Dismiss for Failure to State a Claim and Special Motion to Strike (the "motion to dismiss") because the same exceeds the permissible scope of Fed. R. Civ. P. 12(b)(6) by alleging facts extraneous to the four corners of the Complaint. Furthermore, Yelp did not comply with Local Rule 7.1 requiring parties to confer and endeavor in good faith to narrow the issues in dispute prior to filing its first motion to dismiss on April 30, 2018. See *Memorandum Supporting Plaintiff's Opposition to Defendant's Special Motion to Strike and Dismiss and Plaintiff's Cross-Motion to Strike*, CM/ECF Dkt. No. 17-1 (05/14/2018) at 6 ¶¶ 1-3.

STANDARD OF REVIEW

I.   FED. R. CIV. P. 8(A)(2):

The proper evaluation of any motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) requires the proper evaluation of the targeted Complaint pursuant to Fed. R. Civ. P. 8(a)(2). SEE *Higgins v. Town of Concord*, 246 F.Supp. 3d 502, 510 (D. Mass. 2017) at ¶ 2. The Complaint "need only include a short and plain statement" placing defendant on notice of plaintiff's claim(s) for relief. *Id.*, SEE ALSO *Nasuti v. U.S. Secretary of State John Forbes*

*Kerry*, 137 F.Supp. 3d 132, 139 (D. Mass. 2016) (discussing liberal construction of notice

pleadings).

> The First Circuit has interpreted Rule 12(b)(6) to require that
> plaintiffs allege a factual predicate concrete enough to warrant
> further proceedings.

*Higgins*, 246 F.Supp. 3d at 518 (D. Mass. 2017), QUOTING *Buck v. American Airlines, Inc.*, 476

F.3d 29, 38 (1st Cir. 2007) (Internal Quotations Omitted).

"That is, '[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the Complaint are true (even if

doubtful in fact).'" *Theophile v. Conklin*, 2017 WL 3140363, *3 (D. Mass. 2017), SEE ALSO

*Metropolitan Property and Casualty Insurance Company, et al. v. Savin Hill Chiropractic, Inc.,

et al.*, 322 F.R.D. 151, 154-56 (D. Mass. 2017) ("At this point, the plaintiffs are entitled to have

their factual allegations, including their interpretation and characterizations … accepted as

true.").

II.   FED. R. CIV. P. 12(D):

According to the unequivocal language of Fed. R. Civ. P. 12(d), if the movant's 12(b)(6)

motion to dismiss presents "matters outside the pleadings" which are not excluded by the Court,

then said motion "must be treated as one for summary judgment under Rule 56."

> Of course, on a motion to dismiss the Court can consider only facts
> alleged in the complaint or documents fairly incorporated therein.

*Theophile v. Conklin*, 2017 WL 3140363, *4 (D. Mass. 2017) (Denying motion to dismiss

because documents attached thereto asserted facts "not properly before the Court at this early

stage of the proceeding."), SEE ALSO *Higgins v. Town of Concord*, 246 F.Supp. 3d 502, 510 (D.

Mass. 2017) (attachment of extraneous documents ordinarily "forbidden" in 12(b)(6) motion to

dismiss).

Thus when considering a 12(b)(6) motion to dismiss, "a court may not look beyond the facts alleged in the Complaint, documents incorporated by reference therein and facts susceptible to judicial notice." *Nasuti v. U.S. Secretary of State John Forbes Kerry*, 137 F.Supp. 3d 132, 139 (D. Mass. 2016), CITING *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

## III.  LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2) of the United States District Court for the District of Massachusetts, "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted **in good faith** to resolve or narrow the issue.

## IV.  ONLINE ADHESION CONTRACTS: CLICKWRAP; BROWSEWRAP; AND FORUM SELECTION:

Massachusetts' approach to online adhesion contracts "is consistent with most courts around the country …," *Cullinane, et al. v. Uber Technologies, Inc.*, 2016 WL 3751652, *5 (D. Mass. 2016), in that such contracts are generally enforceable so long as "they have been reasonably communicated and accepted and if considering all the circumstances, it is reasonable to enforce the provision at issue." *Id.*, quoting *Ajemian v. Yahoo!, Inc.*, 83 Mass.App. 565, 573-74, 987 N.E.2d 604, 611 (2011).

> The basic inquiry as to enforceability boils down to basic contract theor[ies] of notice and informed assent with respect to the terms in question.

*Cullinane, et al. v. Uber Technologies, Inc.*, 2016 WL 3751652, *5 (D. Mass. 2016).

### A.  CLICKWRAP AGREEMENTS ENFORCEABLE

Clickwrap refers to an online adhesion contract in which website users are presented with the actual text of the terms and conditions before clicking "I agree." SEE *Cullinane*, 2016 WL 3751652 (D. Mass. 2016) at *6.

### B.  BROWSEWRAP AGREEMENTS NOT ENFORCEABLE

By contrast, "Browsewrap agreements … are those in which the user does not see the contract at all but in which the license terms provide that using a website constitutes agreement to a contract whether the user knows it or not." *Id.* at *5, citing *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 77 (9th Cir. 2014) (Browsewraps are online adhesion contracts in which user is merely provided with a link to website's terms of use "tucked away in an obscure corner of the website where the users are unlikely to see it.")

> Clickwraps differ from browsewraps with respect to their enforceability under contract principles because by requiring a physical manifestation of assent, a clickwrap user is said to be put in inquiry notice of the terms assented to.

*Cullinane*, 2016 WL 3751652 (D. Mass. 2016) at *6, QUOTING *Berkson v. Gogo LLC*, 2015 WL 1600755, *28 (E.D.N.Y. 2015) (Internal Quotations Omitted).

The "touchstone" of an enforceable online adhesion contract is "[m]utual manifestation of assent, whether by written or spoken word or by conduct." *Cullinane*, 2016 WL at *7, quoting *Specht v. Netscape Communications Corp.*, 306 F.3d 17, 29 (2nd Cir. 2004).

C.  FORUM SELECTION IN ONLINE ADHESION CONTRACTS

To enforce a forum-selection clause in an online adhesion contract/agreement, the movant "must demonstrate that a valid agreement [to the forum] exists, that the movant is entitled to invoke the [forum selection] clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope. *Cullinane, et al. v. Uber Technologies, Inc.*, 2016 WL 3751652, *4 (D. Mass. 2016), QUOTING *Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 474 (1st Cir. 2011).

> The party seeking to enforce the contract has "the burden of establishing, on undisputed facts, that the provisions of the terms of service were reasonably communicated and accepted. This requires reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by

consumers. The *Ajemian* court specifically concluded that the agreement before it was a browsewrap agreement, and that the notice provided to the user was insufficient to justify enforcement of the clauses in question.

*Cullinane*, 2016 WL at 6 (D. Mass. 2016).

ARGUMENT

The modern proliferation of smartphones has forever changed the way consumers access the internet as well as the way that websites are displayed. This fact is not lost on corporate "tech giant" Yelp, Inc. SEE *Plaintiff's Proposed Second Amended Complaint*, CM/ECF Dkt. No. 19-1 (05/14/2018) at 6 ¶¶ 1-3. Thus here, in light of the numerous factual disputes not yet developed through the normal discovery process, the defendant's motion to dismiss and special motion to strike should be denied as premature at this early stage in litigation.

The present matter poses similar questions as those resolved by the Massachusetts Supreme Court in *Jacobson v. Mailboxes, Etc. U.S.A., Inc.*, 419 Mass. 572 (1995). In *Jacobson*, when faced with a scenario in which "[t]he alleged wrongdoing that induced the plaintiff to enter into the agreement could fairly be seen as involving a controversy in connection with the agreement," the Massachusetts Supreme Court concluded that even "California courts would not … apply the restrictive language of the [forum selection clause] to pre-contract wrongs." *Jacobson*, 419 Mass 572, 578 (1995).

> The greater focus of the plaintiff's claims may be on Mailboxes' misleading conduct that induced the agreement and on other precontract conduct that is alleged to be unfair or deceptive. If the plaintiffs show that that is so, the judge should not enforce the forum selection clause by banishing contract enforcement claims to California for separate treatment.

*Id.* at 579.

Likewise, here, the Court should not enforce the forum selection clause, or any other provision contained in the alleged adhesion contract, where the same was "obtained by fraud, duress, the abuse of economic power, or other unconscionable means." *Id.* at footnote 5.

I. THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE THE COMPLAINT SETS FORTH A PLAUSIBLE BASIS UPON WHICH A REASONABLE FACT FINDER COULD AWARD PLAINTIFF'S REQUESTED RELIEF.

When considering a 12(b)(6) motion to dismiss, "the court must accept as true all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences." *Metropolitan*, 322 F.R.D. at 154 (D. Mass. 2017), citing *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999) ("Ordinarily, a court may not consider any documents that are outside the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.").

> A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.

*De Prins v. Michaeles, et al.*, 236 F.Supp. 3d 482, 487 (D. Mass. 2017), CITING *Mitchell v. Mass Department of Corrections*, 190 F.Supp. 2d 204, 208 (D. Mass. 2002).

Contrary to defendant's motion to dismiss, Yelp initially categorized the subject negative review as "Reliable" and "Recommended." Compare CM/ECF Dkt. No. 13 (05/14/2018) at 4 ¶ 2 ("According to DiNapoli's complaint, Yelp displayed the review on the Ari Family Dental review page as one that was "not recommended" by Yelp."), with CM/ECF Dkt. No. 19-1 (05/28/2018) at 2 ¶ 12 ("Yelp characterized the January 29, 2016 Review as "Reliable" and "Recommended," thereby causing the Review to overshadow pre-existing five-star reviews of plaintiff's dental practice.").

II. THE COURT SHOULD STRIKE DEFENDANT'S AFFIDAVITS FROM THE RECORD BECAUSE THEY CONTAIN FACTUAL ALLEGATIONS EXTRANEOUS TO THE COMPLAINT IN VIOLATION OF FED. R. CIV. P. 12(D).

The Court should deny Yelp's special motion to strike and dismiss because it attempts to prematurely submit three (3) affidavits containing factual allegations extraneous to the Complaint. Here, as in *Metropolitan*, neither party has asked the Court "to convert the defendant's motion to dismiss into [a] motion for summary judgment, and it is undisputed that the motion is governed by the standard set forth in Rule 12(b)(6)," "[n]or is there any dispute that the exhibits [attached to the motion] have not been incorporated into the [Complaint]." SEE *Metropolitan*, 322 F.R.D. at 154 (D. Mass. 2017).

III. THE COURT SHOULD ALLOW PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT AND DEEM PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT FILED IN LIGHT OF DEFENDANT'S FAILURE TO COMPLY WITH LR 7.1.

Yelp's D. Mass. LR 7.1(a)(2) Compliance Falls Short of Good Faith. Although Yelp certifies it complied with D. Mass. LR 7.1, it is questionable that there was any attempt "in good faith to resolve or narrow the issue." Yelp Attorney Jeffrey Pyle called plaintiff's undersigned counsel on April 30, 2018, which was the day Yelp's answer was due, with a one-way ultimatum: drop the case or Yelp will move to dismiss. No alternative was possible.

When I refused to dismiss the case and mentioned that I may amend the Complaint, Attorney Pyle stated he would consider whether it might be appropriate to file its motion to dismiss thereafter, but a short while later he called back, confirming his earlier position: Drop it now or Yelp will move to dismiss. Again, I refused, worked on amending the Complaint and filed it (as it turned out, about an hour after Yelp filed its Fed. R. Civ. P. 12(b)(6) motion and affidavits, which were improper, as briefed above).

Notwithstanding the procedural confusion detailed above, plaintiff moves concurrently for leave to amend the First Amended Complaint. See CM/ECF Dkt. No. 19 (05/28/2018).

IV. THE COURT SHOULD NOT CONSIDER ANY FACTUAL MATTERS RAISED IN DEFENDANT'S SPECIAL MOTION TO STRIKE AND DISMISS, BUT IF IT MUST, THE COURT SHOULD ORDER THE PARTIES' BROWSEWRAP AGREEMENT UNENFORCEABLE IN ITS ENTIRETY.

According to the unequivocal language of Fed. R. Civ. P. 12(d), if the movant's 12(b)(6) motion to dismiss presents "matters outside the pleadings" which are not excluded by the Court, then said motion "must be treated as one for summary judgment under Rule 56."

> Of course, on a motion to dismiss the Court can consider only facts alleged in the complaint or documents fairly incorporated therein.

*Theophile v. Conklin,* 2017 WL 3140363, *4 (D. Mass. 2017) (Denying motion to dismiss because documents attached thereto asserted facts "not properly before the Court at this early stage of the proceeding.").

Similarly, here, Yelp's motion to dismiss is based on facts which are not properly before this Court "at this early stage in the proceeding." *Id.* Thus "[a]t this stage, the Plaintiff [is] entitled to have [his] factual allegations … accepted as true." *Metropolitan Property and Casualty Insurance Company, et al. v. Savin Hill Chiropractic, Inc., et al.,* 322 F.R.D. 151, 154-56 (D. Mass. 2017). Thus the Court's finding of "manifest assent" to Yelp's browsewrap agreement at this stage would be premature and plaintiff should be given the opportunity to prove his claims through the normal discovery process – rather than defend against facts inappropriately included within defendant's 12(b)(6) motion to dismiss.

WHEREFORE, plaintiff respectfully requests that the Court

I.      Deny defendant's special motion to strike and dismiss;

II.     Award plaintiff reasonable attorneys' fees and costs for defendant's failure to comply with Local Rule 7.1 before filing its motion to strike and dismiss on April 30, 2018; and

III.    Direct such further relief as the Court may reasonably deem appropriate under the circumstances.

Respectfully submitted,
Plaintiff Arian Dinapoli,
By his attorneys,
THE COHEN LAW GROUP
500 Commercial Street, Suite 4R
Boston, MA  02109
Tel: (617) 523-4552
Fax: (617) 723-9211

/s/ David C. Farrell
David C. Farrell; BBO# 693022
E-mail: dave@cohenlawgroupboston.com

## CERTIFICATE OF SERVICE

I, David C. Farrell, counsel for the plaintiff, hereby certify that I served a copy of the foregoing document upon Jeffrey J. Pyle, counsel for the defendant, via the CM/ECF system, this 28th day of May, 2018.

/s/ David C. Farrell