## 1884CV00921 Arian Dinapoli Doing Business as ARI Family Dental vs. Yelp Inc

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 03/22/2018 |
| **ACTION CODE:** A99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Contract Action | |
| **CASE DISPOSITION DATE** 04/24/2018 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 04/24/2018 |
| **CASE JUDGE:** | **CASE SESSION:** Civil G |

### LINKED CASE

### PARTIES

**Plaintiff**
Arian Dinapoli Doing Business as ARI Family Dental

693022
David C Farrell
Cohen Law Group
Cohen Law Group
500 Commercial St
Suite 4R
Boston, MA 02109
Work Phone (617) 523-4552
Added Date: 03/22/2018

**Defendant**
Yelp Inc

647438
Jeffrey Jackson Pyle
Prince Lobel Tye LLP
Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
Work Phone (617) 456-8000
Added Date: 04/23/2018



## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 03/22/2018 | | Attorney appearance<br>On this date David C Farrell, Esq. added for Plaintiff Arian Dinapoli | |
| 03/22/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 03/22/2018 | |
| 03/22/2018 | 1 | Original civil complaint filed. TRK | |
| 03/22/2018 | 2 | Civil action cover sheet filed. $373687.00 | |
| 03/22/2018 | | Demand for jury trial entered. | |
| 03/27/2018 | | Notice of 93A complaint sent to Attorney General | |
| 04/10/2018 | 3 | Service Returned for<br>Defendant Yelp Inc: Service made in hand; | |
| 04/23/2018 | | Attorney appearance<br>On this date Jeffrey Jackson Pyle, Esq. added for Defendant Yelp Inc | |
| 04/23/2018 | 4 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist # 18-cv-10776)<br><br>Applies To: Yelp Inc (Defendant) | |
| 04/24/2018 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 04/24/2018 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

SUFFOLK, SS.                                                        SUPERIOR COURT DEPT.
                                                                    C.A. NO.: 18-0921G

| | |
|---|---|
| ARIAN DINAPOLI d/b/a ARI FAMILY DENTAL, <br>     Plaintiff, <br><br> v. <br><br> YELP, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT & JURY DEMAND**

Now Comes the Plaintiff, Dr. Arian DiNapoli d/b/a Ari Family Denal ("DiNapoli"), through undersigned counsel, and hereby submits the following claims against the Defendant, YELP, INC. ("Yelp"), for unfair and deceptive business practices in violation of M.G.L. c. 93A §§ 2, 11.

PARTIES

1.  Plaintiff, Dr. Arian DiNapoli, is a Massachusetts resident doing business as Ari Family Dental, a community based dental practice located in West Roxbury, Massachusetts.

2.  Defendant, Yelp, Inc., is a California Corporation conducting business in Massachusetts.

3.  National "Registeed" Agents, Inc., 303 Congress Street, 2nd Floor, Boston, Massachusetts, is the defendant's registered agent for service of process in Massachusetts.

BACKGROUND

4.  Yelp is a web-based business holding Itself out as a neutral, third-party intermediary providing internet-based forums where individuals can share experiences and opinions on almost any business or professional service.

1

5. Yelp asks business owners to "verify" their businesses, which benefits the defendant by lending credibility to Its forum-based business model.

6. Specifically, Yelp depends on said business owners' "verifications" to develop Its desired image as an honest and neutral web-based forum endorsed by the very businesses Its users review.

7. On or about September 15, 2015, DiNapoli provided emergency treatment to an uninsured individual named Joanne Sawyer ("Sawyer") for an array of serious dental problems.

8. DiNapoli generously provided his services at a heavily discounted rate because it was clear to him that Sawyer was financially destitute.

9. On or about January 29, 2016, Sawyer called DiNapoli and requested a falsified tax receipt reflecting the pre-discounted rate.

10. DiNapoli refused to create said falsified receipt.

11. Upon DiNapoli's refusal, Sawyer became angry and hostile.

12. On January 29, 2016, Sawyer posted a scathing review of DiNapoli on Yelp's website (the "Review") containing false accusations clearly designed to harm DiNapoli's business and ruin his reputation within the community.

13. In fact, Sawyer's allegations in that Review are so outrageous that Yelp categorized the Review as "Unreliable" and "Not Recommended."

## FACTS

14. Dr. DiNapoli's Yelp page includes Nineteen (19) five-star reviews and only one (1) 1-star review (posted by Sawyer as detailed above).

15. On March 9, 2016, without obtaining prior permission, Yelp contacted Ari Family Dental attempting to sell DiNapoli advertising space on Its website.

16. DiNapoli politely declined to purchase advertising space on Yelp's website.

17. On October 5, 2016, Yelp again tried to sell advertising to Ari Family Dental when a Yelp account executive named Samantha Barbero ("Barbero") contacted DiNapoli via email to request a "20-minute chat."

18. Barbero framed her solicitation in terms of the significant influence Yelp has on DiNapoli's dental practice.

19. Again, DiNapoli politely declined to purchase advertising from the defendant.

20. On January 19, 2017, the defendant tried again to sell DiNapoli advertising space when a Yelp account executive named Annette Cohen ("Cohen") cold-called DiNapoli's dental office asking that he spend 30 minutes on the phone to "go over Yelp ads."

21. DiNapoli politely declined Cohen's unwelcome solicitation.

22. On January 26, 2017, Yelp made yet another unwelcomed attempt to sell advertising to DiNapoli.

23. DiNapoli again declined to purchase advertising space on Yelp's website.

24. Yelp then suddenly re-characterized Sawyer's one-star review of DiNapoli's dental practice from "Unreliable" and "Not Recommended" to "Reliable" and "Recommended," and promoted said Review to the #3-ranked "Reliable" and "Recommended" review of Ari Family Dental.

25. In doing so, Yelp displaced DiNapoli's more recent and verifiable five-star reviews – replacing them with his sole negative review (which is 38 months old as of the date of filing of this Complaint).

26. Additionally, Yelp arbitrarily mischaracterized and continues to mischaracterize at least five (5) five-star reviews of Ari Family Dental as "Unreliable" and "Not Recommended."

3

27. Moreover, Yelp then sold advertising space to nearby dental practices which Yelp knew to be in direct competition with Ari Family Dental, including dentists in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

28. Most egregious of all, Yelp purposefully continues to display said advertisements (purchased by DiNapoli's competitors) on DiNapoli's Yelp page **immediately adjacent to** DiNapoli's user reviews – which arbitrarily include the sole negative Review as the #3 ranked review of Ari Family Dental.

## COUNT I: UNFAIR AND DECEPTIVE BUSINESS PRACTICES
## M.G.L. c. 93A §§ 2, 11

29. Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-28.

30. Yelp initially characterized Sawyer's negative review as "Unreliable" and "Not Recommended."

31. After DiNapoli declined Yelp's repeated and harassing attempts to sell him advertising space, Yelp had a sudden and dramatic change of heart – moving the Review to #3 on the "Reliable" and "Recommended" reviews list.

32. By moving the negative Review to the #3 ranking slot, Yelp displaced more recent and verifiable five-star reviews.

33. Yelp also mischaracterized and continues to mischaracterize at least five (5) five-star reviews as "Unreliable" and "Not Recommended."

34. Yelp then sold the advertising space on DiNapoli's page to his direct competitors within the community including dental practices in Quincy, Dorchester, Roxbury, and throughout the Greater Boston area.

35. Yelp's actions as detailed above are, by design, extortionary.

36.     Yelp's unfair and deceptive business practices caused and continue to cause DiNapoli's dental practice substantial damage including but not limited to lost profits, loss of clientele, loss of future earning capacity, irreparable harm to his reputation and esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

## COUNT II: NEGLIGENT MODE OF OPERATION

37.     Plaintiff repeats and incorporates herein every allegation contained in paragraphs 1-36.

38.     Yelp's chosen mode of operation creates a substantial and foreseeable risk of harm to its customers, including Dr. DiNapoli.

39.     Consequently, Yelp has a duty to take reasonable precautions to minimize the substantial and foreseeable risk of harm created by Its chosen mode of operation.

40.     Yelp breached its heightened duty of care by failing to take reasonable steps to minimize the harm caused to DiNapoli and his business.

41.     Yelp's breach caused and continues to cause great harm to DiNapoli including but not limited to lost profits, lost clientele, lost future earning capacity, irreparable harm to personal and professional reputation, loss of esteem at his place of business and throughout the Greater Boston dental industry, as well as undue embarrassment and mental anguish.

WHEREFORE, the plaintiff Arian DiNapoli d/b/a Ari Family Dental respectfully requests the Court grant him the following legal and equitable relief:

I(A).   Order the complete and permanent removal of Sawyers' false and libelous review from Yelp's website; or

I(B).   Order a complete overhaul of DiNapoli's Yelp page to accurately reflect authentic patient reviews in a chronological or otherwise objectively fair manner; or

I(C).   Order the complete and permanent removal of DiNapoli's Yelp page altogether;

plus

II.   Monetary damages of not less than Three Hundred Seventy-Three Thousand Six Hundred Eighty-Seven Dollars and Fifty Cents ($373,687.50);

III.   Treble Damages including attorneys' fees and costs pursuant to M.G.L. c. 93A §§ 2, 11;

and

IV.   Such further relief as principles of justice and equity require.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS FOR DAMAGES
TO THE EXTENT PERMITTED BY LAW**

Respectfully Submitted,
PLAINTIFF ARIAN DINAPOLI,
By his attorneys,
THE COHEN LAW GROUP
500 Commercial Street, Suite 4R
Boston, MA  02109
Tel: (617) 523-4552
E-mail: dave@cohenlawgroupboston.com

Dated: 03/22/2018

David C. Farrell, BBO# 693022

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

6

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 18-0092/G | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** ARIAN DINAPOLI d/b/a ARI FAMILY DENTAL<br>**ADDRESS:** 80 Broad Street, Unit 607<br>Boston, MA 02110 | | **COUNTY**<br><br>**DEFENDANT(S):** YELP, INC. |
| **ATTORNEY:** David C. Farrell<br>**ADDRESS:** 500 Commercial Street, Suite 4R<br>Boston, MA 02109<br>**BBO:** 693022 | | **ADDRESS:** 140 New Montgomery Street, 9th Floor<br>San Francisco, CA 94105<br>Registered Agent in Massachusetts: National Registered Agents, Inc.<br>303 Congress Street, 2nd Floor, Boston, MA 02110 |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Litigation | F | ☒ YES  ☐ NO |

*If "Other" please describe: Unfair and Deceptive Business Practices in violation of MGL c. 93A sections 2, 11

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................................................ $ _____
   2. Total doctor expenses .............................................................................. $ _____
   3. Total chiropractic expenses ..................................................................... $ _____
   4. Total physical therapy expenses .............................................................. $ _____
   5. Total other expenses (describe below) .................................................... $ _____
                                                                              Subtotal (A): $ _____

B. Documented lost wages and compensation to date ....................................... $ _____
C. Documented property damages to dated ....................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ..................... $ _____
E. Reasonably anticipated lost wages ................................................................. $ _____
F. Other documented items of damages (describe below) ................................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                              TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
lost profits, lost clientele, lost future earning capacity, irreparable harm to personal and professional reputation,    **TOTAL: $** 373,687.00
loss of esteem at his place of business and throughout the dental industry, undue embarrassment and mental anguish.

Signature of Attorney/Pro Se Plaintiff: X /s/ David C. Farrell    Date: 03/22/2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ David C. Farrell    Date: 03/22/2018

I HEREBY ATTEST AND CERTIFY ON April 30, 2018, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: /s/ Margaret M. Sills
Asst. Clerk

3

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ~~18-0976~~

1884-CV-00921 -G

ARIAN DINAPOLI d/b/a ARI FAMILY DENTAL, PLAINTIFF(S),

v.

YELP, INC., DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO YELP, INC. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Square, Boston, MA 02108 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 500 Commercial Street, Suite 4R, Boston, MA 02109.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __3/22__, 20_18_.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on __3rd April__, 20_18_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

__in hand service by constable__

Dated: __3rd April__, 20_18_    Signature: _____

Cristophe Rand, Do
#151D

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

April 3rd 2018

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Margaret M. Sella_
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                       SUPERIOR COURT
                                                   No. 1884-cv-00921

|  |  |
|---|---|
| ARIAN DINAPOLI d/b/a<br>ARI FAMILY DENTAL,<br><br>      Plaintiff,<br><br>v.<br><br>YELP INC.,<br><br>      Defendant. | ) US Dist # 18-cv-10776<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of Court
      Superior Court
      Suffolk County, Massachusetts

Please take notice that pursuant to 28 U.S.C. § 1446, defendant Yelp Inc. does this 23rd day of April 2018 remove this action from the Superior Court of Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

YELP INC.

By its attorneys,

Jeffrey J. Pyle (BBO #647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel.: (617) 456-8000
Fax: (617) 456-8100

I HEREBY ATTEST AND CERTIFY ON
April 30, 2018, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
      Asst. Clerk

2936907.v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I served a copy of the foregoing by regular U.S. Mail on:

David C. Farrell, Esq.
The Cohen Law Group
500 Commercial Street, Suite 4R
Boston, MA 02109

_____
Jeffrey J. Pyle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIAN DINAPOLI d/b/a<br>ARI FAMILY DENTAL,<br><br>        Plaintiff,<br><br>v.<br><br>YELP INC.,<br><br>        Defendant. | C.A. No. 18-cv-10776 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Yelp Inc., ("Yelp"), with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, files this Notice of Removal and hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County (the "Superior Court"), to the United States District Court for the District of Massachusetts. A Civil Action Cover Sheet is attached hereto as Exhibit 1. In support of removal, Yelp respectfully states the following:

1.  On or about March 22, 2018, plaintiff Arian DiNapoli, d/b/a Ari Family Dental, ("DiNapoli"), filed a civil action in the Suffolk Superior Court entitled *Arian DiNapoli d/b/a Ari Family Dental v. Yelp, Inc.*, No. 1884CV00921 (the "Action"). On April 3, 2018, Yelp received service of the summons and complaint.

2.  This Notice of Removal is timely because it is being filed within 30 days of Yelp's receipt of the initial pleading setting forth the claim for relief upon which the Action is based, as required by 28 U.S.C. § 1446(b)(1).

3.  Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts "shall have original

2936678.v1

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." As shown below, the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) are satisfied here.

4. Defendant Yelp Inc. is a Delaware corporation with its principal place of business in San Francisco, California. (Ex. 2, Complaint, ¶ 2; Exhibit 3, Yelp Inc. entry in corporations database of the Secretary of the Commonwealth). Plaintiff Arian DiNapoli is a natural person residing in Massachusetts. (Ex. 2, Complaint, ¶ 1). Diversity therefore exists between the plaintiff and the defendant.

5. DiNapoli's complaint demands more than $75,000 in damages. 28 U.S.C. § 1332(a). (Ex. 2, Complaint, p. 6 (demanding $373,687.50)).

6. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. Since the service of the summons and complaint there have been no further proceedings in the Action.

8. No previous application has been made for the relief requested herein.

9. Removal to this Court is proper because it is "the district and division embracing the place where [the Action] is pending." 28 U.S.C. § 1441(a). The Superior Court is within the United States District Court for the District of Massachusetts, Eastern Division. See Local Rule 40.1(C). Therefore, this action is properly removed to the District of Massachusetts pursuant to 28 U.S.C. § 101.

WHEREFORE, Defendant Yelp Inc. removes this action from the Superior Court to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle (BBO #647438)
jpyle@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Tel.: (617) 456-8000
Fax: (617) 456-8100

Aaron Schur, *Of Counsel*
Nicolette Martz, *Of Counsel*
aschur@yelp.com
nmartz@yelp.com
YELP INC.
140 New Montgomery St.
San Francisco, CA 94105
Tel.: (415) 908-3801

Dated: April 23, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and I hereby certify that I have served the foregoing by United States mail on the below-listed counsel who has not yet entered an appearance in this Court:

David C. Farrell, Esq.
The Cohen Law Group
500 Commercial Street, Suite 4R
Boston, MA 02109

/s/ *Jeffrey J. Pyle*
Jeffrey J. Pyle

2936678.v1                              3

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arian DiNapoli d/b/a Ari Family Dental

**(b)** County of Residence of First Listed Plaintiff  Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David C. Farrell, The Cohen Law Group, 500 Commercial Street, Suite 4R, Boston, MA 02109

## DEFENDANTS
Yelp Inc.

County of Residence of First Listed Defendant  San Francisco, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jeffrey J. Pyle, Prince Lobel Tye LLP, One International Place, Suite 3700, Boston, MA 02110

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Alleged violation of Mass. Gen. Laws c. 93A.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 373,687.50
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  
DOCKET NUMBER

DATE  04/23/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Arian DiNapoli d/b/a Ari Family Dental v. Yelp Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 110, 130, 140, 160, 190, 196, 230, 240, 290, 320, 362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☐ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Jeffrey J. Pyle
ADDRESS  One International Place, Suite 3700, Boston, MA 02110
TELEPHONE NO.  617-456-8143

(CategoryForm6-2017.wpd)

 

# William Francis Galvin
Secretary of the Commonwealth of Massachusetts

# Corporations Division

## Business Entity Summary

**ID Number:** 000999941    Request certificate    New search

**Summary for:** YELP INC.

| | |
|---|---|
| The exact name of the Foreign Corporation: | YELP INC. |
| The name was changed from: YELP! INC. on 04-05-2012 | |
| Entity type: Foreign Corporation | |
| Identification Number: 000999941 | Old ID Number: |
| Date of Registration in Massachusetts: 04-21-2009 | |
| | Last date certain: |
| Organized under the laws of: State: DE Country: USA on: 09-03-2004 | |
| Current Fiscal Month/Day: 12/31 | |

**The location of the Principal Office:**

Address: 140 NEW MONTGOMERY STREET 9TH FLOOR

City or town, State, Zip code, Country:    SAN FRANCISCO, CA 94105 USA

**The location of the Massachusetts office, if any:**

Address:

City or town, State, Zip code, Country:

**The name and address of the Registered Agent:**

Name:    NATIONAL REGISTERED AGENTS, INC.

Address: 303 CONGRESS ST., 2ND FLOOR

City or town, State, Zip code, Country:    BOSTON, MA 02110 USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| SECRETARY | LAURENCE WILSON | 140 NEW MONTGOMERY STREET,9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| CEO | JEREMY STOPPELMAN | 140 NEW MONTGOMERY STREET,9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| CFO | CHARLES BAKER | 140 NEW MONTGOMERY STREET,9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| GENERAL COUNSEL | LAURENCE WILSON | 140 NEW MONTGOMERY STREET,9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | JEREMY LEVINE | 140 NEW MONTGOMERY STREET,9TH |

| | | |
|---|---|---|
| | | FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | MARIAM NAFICY | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | FRED ANDERSON | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | GEOFFREY DONAKER | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | PETER FENTON | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | ROBERT GIBBS | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | DIANE IRVINE | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |
| DIRECTOR | JEREMY STOPPELMAN | 140 NEW MONTGOMERY STREET, 9TH FLOOR SAN FRANCISCO, CA 94105 USA |

**Business entity stock is publicly traded:**

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|---|---|---|---|---|
| | | No. of shares | Total par value | No. of shares |
| CNP | $ 0.00 | 500,000,000 | $ 0.00 | 61,131,442 |
| PNP | $ 0.00 | 10,000,000 | $ 0.00 | 0 |

**Consent**     **Confidential Data**     **Merger Allowed**     **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

View filings

**Comments or notes associated with this business entity:**

New search