# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARIAN DINAPOLI, d/b/a ARI FAMILY DENTAL, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-10776-FDS |
| v. | ) ) | |
| YELP INC., | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

**SAYLOR, J.**

This is a case arising out of a dispute between Arian DiNapoli, a Boston dentist, and Yelp Inc., which provides a platform for customer reviews of local businesses and service providers. Jurisdiction is based on diversity of citizenship.

According to the complaint, Yelp manipulated the reviews of DiNapoli on its website to retaliate against him when he refused to purchase advertising from it. DiNapoli, who has changed lawyers, now seeks to dismiss the lawsuit voluntarily. Instead of agreeing to a voluntary dismissal, Yelp has filed a combined "special motion to dismiss and strike" the complaint under California's anti-SLAPP statute, Cal. Civ. Proc. Code, § 425.16. In substance, Yelp is seeking its attorney's fees and costs under the statute. For the following reasons, the motion for voluntary dismissal will be granted and the motion to strike under California law will be denied.

## I. Background

### A. Factual Background

The facts appear as alleged in the amended complaint unless otherwise noted.

Arian DiNapoli is a resident of Massachusetts. He operates a dental practice called "Ari Family Dental" in West Roxbury, Massachusetts. (Am. Compl. ¶ 1).

Yelp Inc. is a Delaware corporation with a principal place of business in San Francisco, California. Yelp operates a website where consumers can post reviews of businesses and services. (Am. Compl. 4, 6).

On September 15, 2015, DiNapoli performed an emergency dental surgery on an unnamed patient. (Am. Compl. ¶ 9). DiNapoli contends that the patient called him on January 29, 2016, and requested a falsified tax receipt. DiNapoli refused. Later that day, the patient allegedly posted a negative review of DiNapoli's business on Ari Family Dental's Yelp page. (Am. Compl. ¶ 10, 11). Yelp categorized the review as "unreliable." (Am. Compl. ¶ 12, 13).

Between March 2016 and January 2017, Yelp attempted four times to sell advertising space on its website to DiNapoli. (Am. Compl. ¶ 14, 16, 18, 20). Each time, DiNapoli declined. (Am. Compl. ¶ 15, 17, 19, 21). Soon after DiNapoli's last refusal, in January 2017, Yelp allegedly changed the January 2016 negative review from "unreliable" to "reliable." Doing so apparently caused the negative review to "replac[e]" positive reviews that had until then appeared on DiNapoli's page. (Am. Compl. ¶ 23).

DiNapoli contacted Yelp and provided evidence that he contended showed the negative review was false. (Am. Compl. ¶ 27). Yelp kept the review listed as "reliable." Furthermore, in alleged retaliation for DiNapoli's refusal to purchase advertising space, it posted advertisements for competing dental practices directly next to the negative review on DiNapoli's page. (Am.

Compl. ¶ 28, 29). In addition, Yelp allegedly "mischaracterized" five positive reviews on DiNapoli's page as "unreliable." (Am. Compl. ¶ 24).

### B. Procedural History

On March 22, 2018, DiNapoli filed suit against Yelp in Massachusetts state court. The complaint asserted two counts, one for a violation of Mass. Gen. Laws ch. 93A, § 11 and one for "Negligent Mode of Operation." Yelp removed the action to this court on April 23, 2018.

On April 30, 2018, Yelp filed a combined special motion to dismiss and strike the complaint pursuant to the California anti-SLAPP statute, Cal. Civ. Proc. Code, § 425.16. On the same day, DiNapoli filed an amended complaint that added a third count—a claim that Yelp had "intentional[ly] interfere[d] with business and/or contractual relationships."

Yelp then filed a new combined special motion to dismiss and strike the complaint. DiNapoli filed an opposition to the combined special motion.

On November 29, 2018, after changing attorneys, DiNapoli moved to dismiss the action voluntarily. On the same day, he filed a supplemental memorandum in opposition to Yelp's combined special motion, which effectively opposed only Yelp's motion to strike.

## II. Analysis

At this point, the parties agree that the complaint should be dismissed with prejudice. They disagree, however, as to whether the amended complaint should be struck under California's anti-SLAPP statute, and thus whether defendant should be awarded attorneys' fees and costs.[1] Because the Court concludes that the California anti-SLAPP statute does not apply to this case, it will deny defendant's motion to strike and grant the motion for voluntary dismissal.

---

[1] The parties do not appear to dispute that California law applies to this proceeding due to a choice-of-law provision included in the terms of service plaintiff entered into upon registering with Yelp's website.

### A. The California Anti-SLAPP Statute

In 1992, the California legislature enacted a statute to curb lawsuits that "masquerade[] as ordinary lawsuits but [are actually] brought to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Id.* (quoting *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003)). Such lawsuits were referred to as "SLAPP," or "strategic lawsuits against public participation."[2] The California anti-SLAPP statute provides as follows:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

To prevail on a "special motion to strike" under the statute, a defendant must "first make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017) (citing *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010)).

To determine whether a defendant has made that showing, a court must analyze the "conduct" from which the plaintiff's claim "arise[s]." *Id.* at 1190. Once the conduct is identified, the court must then determine whether "that conduct [is] in furtherance of the rights of petition or free speech." *Id.*

To determine the conduct from which the plaintiff's claim "arises," a court looks to

---

[2] As originally conceived, the anti-SLAPP statute was intended to prohibit well-funded litigants (such as, for example, real estate developers) from suing citizens speaking out on issues of public interest (such as, for example, environmental issues) and thereby chilling debate. It is perhaps ironic that here a large corporation is using the statute against an individual dentist who alleges mistreatment at its hands and who sought to exercise his legal rights.

4

"whatever conduct constitutes the 'specific act[] of wrongdoing' that gives rise to the claim." *Id.* (quoting *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 133 Cal. App. 4th 658, 672 (2005). The relevant conduct is "the *allegedly wrongful and injury-producing conduct* that provides the foundation for the claims." *Renewable Res. Coal., Inc., v. Pebble Mines Corp.*, 218 Cal. App. 4th 384, 387 (2013).

### B. Defendant's Alleged Conduct

In substance, plaintiff contends that Yelp improperly retaliated against him for his refusal to purchase advertising space. That retaliation, it alleges, was primarily composed of three wrongful "acts": (1) Yelp "moved" the sole negative review of plaintiff's business from the "unreliable" to "reliable" list, in effect displacing other reviews on plaintiff's page; (2) Yelp "mischaracterized" at least five reviews of plaintiff's business as "unreliable;" and (3) Yelp sold advertising space on plaintiff's page to his direct competitors.

Yelp contends that the lawsuit arises from speech subject to the anti-SLAPP law—that is, the critical review. But that is clearly incorrect. It is true that plaintiff is unhappy with the negative review, which he contends is entirely false. However, he does not contend that Yelp wrote the review. Nor is he suing Yelp because it provided a forum for publication of the review. Instead, he brought suit against Yelp for what he contends were unlawful acts of retaliation—in effect, a high-tech form of extortion—because he refused to purchase advertising from it. In other words, the "specific acts of wrongdoing" that gave rise to the claim are the allegedly retaliatory acts of moving and mischaracterizing certain reviews and selling advertising space on plaintiff's page to his competitors. Accordingly, it is that alleged conduct, not the critical review, from which plaintiff's claims arise.

5

## C. Whether the Alleged Conduct Was in Furtherance of Free Speech

The next question is "whether that conduct was in furtherance of the right of free speech." A defendant can meet its burden of showing that a "plaintiff's cause of action" was "based on an act in furtherance of the defendant's right of . . . free speech" by "demonstrating that the act underlying plaintiff's cause fits one of the categories spelled out in [§ 425.16(e) of the statute]." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) (internal quotations and emphasis omitted). Section 425.16(e) provides four categories of acts that may qualify as "acts in furtherance of a person's right of free speech":

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

Yelp contends that its conduct qualifies under parts three and four. Essentially, it contends that its "display of a business page for [plaintiff's] dental practice, for the purpose of showing [reviews]," constitutes both a "writing in a public forum in connection with an issue of public interest" under subdivision category three, and "conduct in furtherance of . . . free speech" under subdivision category four.

Again, the complained-of conduct by Yelp is neither the statement itself (the critical review), nor the provision of a forum for that statement, nor Yelp's refusal to remove the statement. It is Yelp's alleged acts of retaliation—which, if proved, would amount to a form of business extortion. An act of extortion, or for that matter extortionate speech, is not protected

6

conduct under the California anti-SLAPP statute (or the First Amendment). *See Flatley v. Mauro*, 39 Cal. 4th 299, 326-33 (2006); *see also United States v. Boyd*, 231 Fed. Appx. 314, 316 (5th Cir. 2007) ("[t]he First Amendment does not protect extortion.").

The cases cited by Yelp are not to the contrary. In *Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1146 (2012), a plaintiff sued the mother of his ex-girlfriend for defamation after she wrote and posted derogatory statements about him on a website. The court granted the defendant's motion to strike under the California anti-SLAPP statute after it concluded that the defendant's act of "posting her statements on Internet Web sites" qualified as an "act in furtherance" of her "create right of free speech." *Chaker*, 209 Cal. App. 4th at 1143-44. Here, again, Yelp did not create the derogatory review, and plaintiff has not alleged otherwise.

In *Hupp v. Freedom Communications, Inc.*, 221 Cal. App. 4th 398, 405 (2013), the plaintiff sued a newspaper after it refused to remove negative comments about him that had been posted to its website. The newspaper filed a motion to strike under the California anti-SLAPP statute that the court granted. In so doing, the court held that "[m]aintaining a forum for discussion of issues of public interest is a quintessential way to facilitate [free speech] rights, and the [newspaper] has no liability for doing so." *Hupp*, 221 Cal. App. 4th at 405. Yelp was not sued for providing a forum for a negative review, or for refusing to remove such a review.[3] Again, the essence of the complaint against Yelp is not that it "maintain[ed] a forum for discussion," but manipulated the placement of certain comments on an online forum as an act of retaliation for plaintiff's refusal to buy advertising. That is simply not protected conduct under

---

[3] Yelp also relies on the decision in *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190 (2017), where the court held that a lawsuit seeking to hold Facebook liable for not removing a page critical of the plaintiff was subject to California's anti-SLAPP statute. *Id.* at 205. Because that case also concerned a defendant's decision not to remove comments from its public website — as opposed to changing where a comment is located on a website as an act of retaliation — it is distinguishable from the case here for the same reasons as is *Hupp*.

the statute.

In short, the fact that Yelp provides a forum for customer reviews does not immunize it from suit, nor does it mean that every act it undertakes is in furtherance of free speech. Yelp's alleged conduct here does not fall under Section 425.16(e) of the anti-SLAPP statute, and therefore the "special motion" to dismiss and to strike will be denied.

## III.    Conclusion

For the foregoing reasons, the "special motion" of defendant Yelp, Inc. to dismiss and strike the complaint is DENIED. Plaintiff's motion for voluntary dismissal with prejudice is GRANTED.

**So Ordered.**

Dated:  January 15, 2019

/s/ F. Dennis Saylor, IV
F. Dennis Saylor, IV
United States District Judge